**PATTERSON, Admrx., Plaintiff-Appellee, v. GEORGE F. ALGER CO. et, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22373.   Decided April 22, 1952.

K. J. Ertle, Cleveland, for plaintiff-appellee.

McConnell, Blackmore, Cory & Burke, S. Burns Weston, Cleveland, for defendant-appellant.

(FESS, PJ, CONN, J, SAVORD, J. of the 6th District, sitting by designation.)

## OPINION

By CONN, J:

The plaintiff, Arvella Patterson, administratrix of the estate of Thomas W. Patterson, deceased, recovered a judgment against the defendant, The George F. Alger Company in the court of common pleas in the amount of $66,237.50, from which said defendant has duly filed its appeal on questions of law in this court.

This is an action under the wrongful death statute and was originally brought against said Alger Company and Detroit-Pittsburgh Motor Freight Inc., but at the conclusion of plaintiff's evidence, on motion, the action against the latter company was dismissed.

It was admitted in the pleadings or shown by evidence that one Thomas W. Patterson, on January 31, 1949, at about 2:40 A. M. was operating his Brockway tractor and trailer westerly on U. S. Highway No. 20 in Huron County, Ohio; that at a point about 5.6 miles east of Norwalk, Ohio, said tractor and trailer collided with the tractor and trailer unit of defendant, George F. Alger Company which at said time was being operated in an easterly direction by its employe Robert J. Lowery; that said highway was straight, improved with a hard surface 20 feet wide and with east and west-bound lanes.

It further appears that Thomas W. Patterson sustained fatal injuries in said collision and the motor equipment of both parties was broken and damaged; that Arvella Patterson is the surviving spouse of said decedent, and this action is brought by her, in her representative capacity, for the pecuniary benefit of herself and her four minor children.

It is alleged in plaintiff's petition that easterly from the place of collision, a distance as shown by the evidence of 500 or 600 feet, the operator of the Brockway tractor and trailer suddenly encountered an unlighted pile of steel extending several feet onto the highway; that to avoid hitting the obstruction, said tractor and trailer were swung to the left around it and "had approximately succeeded in re-crossing the center and regaining the northerly side of said highway" when the collision occurred.

The evidence shows that the tractor-trailer outfit had a load of steel discs, and following the collision the tractor struck a tree on the northerly side of the highway with great force; that the trailer, when it came to rest, was headed in a north-westerly direction and completely off the paved portion of the highway, excepting the rear left wheels; that the defendant's motor vehicle jack-knifed following the collision, the tractor came to a stop headed in a northwesterly direction

and partially over the center line of the road and the trailer headed in a northeasterly direction, the rear wheels off the pavement on the south side of the road, with the rear right wheels in the ditch.

Plaintiff alleges that defendant was negligent in continuing down the center of the road with no attempt to avoid the collision; that defendant had the last clear chance to avoid the collision and made no attempt to slow or stop or pull further to the right.

Defendant denies that the collision was caused by any negligence on its part.

From the judgment entered in favor of plaintiff, defendant appeals to this court on questions of law and assigns a number of errors, to-wit:

Court erred in overruling defendant's motion for judgment notwithstanding the verdict and in failing to direct a verdict for defendant at the end of plaintiff's case and at the end of all the evidence. The court has considered each of these assignments and has concluded that they are not well taken and should not be sustained.

Defendant also assigns as error the admission of opinion evidence relative to gouge marks; error in refusing to give defendant's special written instructions to charge before argument; error in the general charge and that "the judgment is the result of an excessive verdict rising out of actions of plaintiff's counsel and rulings of the court."

We will consider the remaining assignments of error in the order above set forth.

The trial court uniformly and properly, from time to time, sustained objections to evidence offered by plaintiff by way of opinion evidence in relaton to the point of impact, based on the position of gouge marks in the pavement. However, in one instance, the trial court improperly overruled an objection to such opinion evidence given by plaintiff's witness, Officer Kolcum. This witness was cross-examined quite fully in respect to gouge marks on the highway, also the location and relative positions, after the collision, of the damaged vehicles, and the debris and materials scattered on the highway. During this examination the witness referred to the place of impact and where the collision occurred in the highway. In practical effect, what we have here adds up substantially to a waiver. Under these circumstances we conclude this assignment is not well taken, as it is not clear how defendant could have sustained any prejudice.

A number of special requests in writing to charge before argument were made by defendant. Of this number, six, seven and eight were refused. This action of the trial

court is assigned as error. The requested charges are as follows:

"6. I charge you as a matter of law that an inference of fact can not be predicated upon another inference but must be predicated upon a fact supported by evidence.

"7. I. charge you as a matter of law that if you find that the gouge marks on the north side of the highway were caused by some part of the Kaplan Trucking Company's vehicle following its collision with the George F. Alger Company's truck, then you can not find that at the time that the collision occurred that the George F. Alger Company's truck was on its left or wrong side of the road.

"8. I charge you as a matter of law that if you find that the gouge marks on the north side of the highway were caused by some part of the Kaplan Trucking Company's vehicle following its collision with the George F. Alger Company's vehicle, you can not use this fact as a basis for inferring that the George F. Alger Company's truck was on its left or wrong side of the road at the time the collision occurred."

Number six:—This request is a statement of a well known rule in our procedure in dealing with the merits of a fact issue. However, when this rule is stated in the abstract merely, with no instructions as to its application to a given state of facts, it would be of little help to the jury and at the same time may be confusing, and even misleading  In our opinion it was not error to refuse this special instruction. We note that the court in its general charge gave the substance of this request and at the close of the court's charge upon request of defendant, further charged on this subject matter. Thus the jury had the benefit of the rule.

Numbers seven and eight:—It appears from an examination of these two requests that the premise in each is practically identical. The requests then proceed to charge the jury, as in No. 7, that it "cannot find" and as in No. 8, that it "cannot use this fact as a basis for inferring" by reason of such prior determination that defendant's vehicle was on the left or wrong side of the road.

The relative location of the vehicles on the paved portion of the highway at the moment of impact was an issue of ultimate fact to be determined on all the evidence. and not on a selection portion. Further, the request having been stated in the negative, could confuse the jury in its deliberations on a general verdict. For these reasons alone, we conclude that requests numbers seven and eight were properly refused.

The court instructed the jury on the last clear chance doc-

trine in its general charge to the jury. This is assigned as error.

The doctrine of last clear chance, sometimes referred to as the "known danger" rule is applicable in those situations wherein plaintiff or the party seeking relief had placed himself in a perilous position, through his own negligence, but notwithstanding his negligence in the first instance, such party may still recover under the last clear chance rule, if the other party, after becoming aware of his perilous position, could have avoided injuring him, in the exercise of ordinary care, and failed to do so. The rule thus stated "presupposes antecedent fault or negligence" of the party seeking relief and is applicable when such fault or negligence is remote and negligence of the other party is proximate in relation to the cause of the injury. In other words, the party seeking to recover damages can not invoke the rule when his contributory negligence concurs with the negligence of the other party in producing the injury.

29 O. Jur., 574, Sec. 112; Cleve. Ry. Co. v. Wendt, 120 Oh St 197; Cleve. Ry. Co. v. Masterson, 126 Oh St 42; Brock v. Marlatt, 128 Oh St 435; Hayman Admx. v. Penn. R. R. Co., 77 Oh Ap 135.

As already pointed out, it is alleged in the petition and also shown by the evidence that a pile of steel had been deposited on the north side of the highway, partly on the berm and extending several feet on to the paved portion of the north lane of the highway; that it appears from the evidence that this steel lay at a point 500 or 600 feet easterly from the point of collision. There was some conflict in the evidence as to whether or not the pile of steel was lighted or unlighted immediately prior to the collision. In any event, it was of such size as to be a discernible object and in the lane of traffic moving westerly.

Since the pile of steel was a discernible object, Patterson was required to operate his vehicle in such a manner as would permit him to bring it to a stop within the assured clear distance ahead. (Sec. 6307-21 GC.)

The traffic code contains a further specific requirement (§6307-25 GC), that upon roadways of sufficient width, except as otherwise provided therein, vehicles "shall be driven upon the right of the roadway."

Sec. 6307-29 GC, restricts driving to the left of the center or center line of the roadway "unless such left side is clearly visible and is free of on-coming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken."

The evidence tends to show that a vehicle such as the Patterson tractor and trailer, after passing around an object on the highway or another vehicle, could return to its own side of the road in a distance equal to three lengths of itself. On this showing, Patterson had ample space in which to cause his vehicle to completely return to the north side of the highway before reaching the point of impact. If this fact were shown by the evidence, the last clear chance rule would not have application. On the other hand, if it appears that Patterson's vehicle, or any part of it, had been operated across the center line and into the south lane of the road and was being operated there to the point of impact, even upon a showing of negligence on the part of defendant, the doctrine of last clear chance would not apply, under the rule established by the authorities cited, for the reason that the contributory negligence of Patterson in continuing to operate his vehicle over the center line would be concurrent with such negligence of defendant.

Among the specifications of negligence in plaintiff's petition, it is averred that defendant had the last clear chance to avoid the collision. However, the petition is devoid of any averments by way of operative facts upon which to predicate a claim for the application of the last clear chance rule. Under these circumstances, the specification above referred to is merely a conclusion of the pleader.

We find a concise statement of the law in **39 O. Jur., 952, Sec. 267,** as follows:

"In determining the scope of its instructions, the trial court must keep in kind the issues as made by the pleadings and the evidence in support thereof. The rule stated above, that the court ought to adapt its charge to the issues made by the pleadings and the evidence, forbids the introduction into the charge of instructions upon an issue not so raised."

It follows that under both the pleadings and the evidence, there was no basis upon which to predicate a claim for relief under the doctrine of last clear chance.

The prejudicial character of this error in the charge is the more apparent by reason of the omission in the general charge, calling the jury's attention to the applicable sections of the traffic code. It is our conclusion that this assignment of error should be sustained.

Other errors are assigned, including several other errors in the court's charge, but on consideration we conclude they were not prejudicial.

Further it does not appear that the verdict was excessive, or that the amount of the verdict was improperly influenced

by the presence of the minor children of said decedent in the court room for a brief period at the opening of the trial, or by the character of the argument of plaintiff's counsel.

Judgment reversed and cause remanded for a new trial. Exceptions. Order see journal.

FESS, J, SAVORD, J, concur.